Danky v. Parker.

## Arabella L. Danky v. Zilpha Parker.

1.  PRINCIPAL AND AGENT—*Principal Liable for Acts of Agent Within the Scope of His Authority.*—The principal is liable for the acts of the agent when within the scope of the authority conferred upon him.

Assumpsit.—Appeal from the Circuit Court of Winnebago County; the Hon. ARTHUR H. FROST, Judge presiding.  Heard in this court at the April term, 1903.  Affirmed.  Opinion filed June 8, 1903.

CHARLES W. FERGUSON, attorney for appellant.

R. K. WELSH, attorney for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Mrs. Parker sued Mrs. Danky and her brother, Frank S. Alling, before a justice, to recover $3 per week for sixty-six weeks, for doing the work of a domestic in the home of Mrs. David D. Alling, the widowed mother of defendants. Frank S. Alling lived out of the state and was not served, but the suit proceeded against Mrs. Danky alone.  Plaintiff had judgment for $189 in the Circuit Court on appeal from the justice.  Mrs. Danky prosecutes this further appeal.

Mrs. Danky and her brother entered into a written contract by which it was provided that they should execute and secure certain joint and several notes, which should be turned into cash; that from that fund a note previously given by them should be paid, certain matters growing out of the estate of their deceased father should be equalized between them, and that the balance of said fund, and also the income of the estate of their father, should be placed

in the hands of A. D. Early and A. E. Fisher to be used
"in the payment of the expenses, care and support, med-
ical treatment and nursing of Mrs. Alling," their mother,
and of the general expense of their father's estate. The
contract also contained the following :

"Said Early and Fisher is hereby authorized to employ
suitable persons to nurse and care for Mrs. Alling and his
decision as to the persons and the compensation to be paid
them, shall be final, it being understood, however, that the
persons now nursing and caring for Mrs. Alling are per-
fectly satisfactory. In case of the decease of Mrs. Alling,
said Early and Fisher shall pay from said moneys the
proper funeral charges. After the decease of Mrs. Alling
and the payment of all expenses as above provided, and
after the said Early and Fisher shall have retained a rea-
sonable compensation for his services, the balance of said
money shall be equally divided between the parties hereto."

The reason of this arrangement was that Mrs. Alling was
nearly blind, was old, very feeble and seriously ill of asthma,
and had a very bad cough; her children wished her prop-
erly cared for, and Mrs. Danky had been caring for her for
over two years, and apparently was unable to continue to
do so. Mrs. Alling lived in her own home.. Fisher, with
the approval of Early, hired Mrs. Parker to act as nurse and
housekeeper for Mrs. Alling at $6 per week, and they
advanced to Mrs. Parker from time to time money with
which to pay the household expenses, and to pay a hired
girl to do the housework at $3 per week. Mrs. Parker
remained there till Mrs. Alling died, and she has received
the $6 per week. It is clear that Early and Fisher agreed
that the pay of the nurse and of the domestic would amount
to $9 per week. After a time the domestic became ill and
left, and Fisher tried to hire another, but could not get one
who was satisfactory to Mrs. Alling. Fisher then arranged
with Mrs. Parker to do the work of the domestic. He tes-
tified he told her she would have extra pay for doing this
extra work. Mrs. Parker testified Fisher told her he would
do what was right by her. Thereafter for about sixty-six
weeks Mrs. Parker not only did the work she had origi-
nally been hired to do, but also the work for which the hired

girl had been paid $3 per week; she did the cooking and the housework, the sweeping, dusting, scrubbing and laundry work, brought in wood and coal for the house fires, raked the yard or lawn, and put in the garden. The proof was undisputed that the work was reasonably worth $3 per week, and that that was the usual price paid for such work in that locality. Fisher testified he recollected telling Early he could not get a girl and they would have to pay Mrs. Parker extra for doing the work. Early does not claim to have expressed any dissent, but denies that any such information was given him before Mrs. Alling's death. As the arrangement to spend $9 for the services of a nurse and a domestic is not questioned, this change by Fisher did not increase the expense, and both agents having agreed to an expense of $9 per week for those services we do not see that their principals would be released even if one agent did not know of the change by which that sum was paid to one instead of two persons for the same results. But the verdict of the jury seems to be a finding that Early acquiesced. Early and Fisher were general agents of Mrs. Danky and her brother to cause Mrs. Alling to be cared for, supported and nursed. Whether their authority was to continue after the fund defendants created and the income from their father's estate were exhausted, need not be decided, for appellant insists here, first, that in the absence of proof the presumption is it is not exhausted, and second, that in fact it is not exhausted. Mrs. Parker knew Fisher and Early were acting as agents for the defendants, but she did not know of the written contract till after Mrs. Alling's death. The agents had not made themselves personally liable, and they did not sign the written contract. Certainly it would have been a doubtful procedure for Mrs. Parker to sue the agents. To reach the fund might have required an equitable suit. What had been done was within the scope of the authority expressly conferred upon the agents. No reason is perceived why the principals were not liable therefor. The suit was properly brought against them. Mrs. Danky can be reimbursed from the joint fund

when the subject-matter of the contract is settled between her brother and herself. We do not find any serious error in the instructions, and the verdict was required by the proof.

The judgment is affirmed.